# MATTHIAS NEIFING *et al.*

## *v*

## THE TOWN OF PONTIAC.

1.   SALE OF BEER —*prohibition thereof.*   Where a person is being prosecuted for selling beer by the glass, in violation of a town charter which forbids beer to be brought within three miles of the town " for the purpose of trafficking therein in any way whatever," the offense charged being within the power of prohibition in the legislature, the question can not arise whether that clause was unconstitutional, in that it was broad enough in its language to embrace other modes of traffic not within the power of the legislature to prohibit.

2.   STATUTES — *of the title of a local or private law.*   The town of Pontiac having been incorporated under the general law, an act was passed with this title: " An act to extend the corporate powers of the town of Pontiac:"   *Held,* though the act may restrict the corporate powers of the

town in some respects, as well as extend them in others, this is not a violation of the provision in the constitution which forbids a local or private law to embrace more than one subject, and requires that subject to be expressed in the title.

3.  So it was competent for the legislature to provide in the act having such title, for the regulation of the subject of the sale of liquors, within certain prescribed limits, prohibiting the general traffic therein, and providing for what purposes the town council may grant licenses for the sale of liquors.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This action was brought by the town of Pontiac against appellants, for an alleged violation of section 17, article 7, of its charter, and was tried before a justice of the peace and a fine entered against them by said justice, from which an appeal was taken to the circuit court of Livingston county, and by change of venue was taken to Kankakee county, and tried at the April term of circuit court of said county, 1870, and judgment rendered against appellants by the court (a jury being waived) for $25, and from thence the cause is brought here by appeal.

The cause was tried upon the following stipulation, no other evidence being adduced, to wit:

"It is admitted in this case that defendants, on the 1st day of May, A. D. 1869, at their place of business, made four different sales of lager beer (the same being a malt beer), to one Stacy Stevens, in less quantities than one pint, to wit: by the glass; that the same was drank on the premises aforesaid in the presence of and with the consent of defendants; that said place of business and premises were outside the corporate limits of said town and within three miles, to wit: within forty rods of said corporate limits; that said place of business was a brewery for the sale and manufacture of said beer; that defendants were brewers by occupation at that time, and carried on said business at said brewery, and that said beer so manufactured was sold by defendants by the

wholesale, and shipped from said brewery, as well as by retail; and that the beer sold as aforesaid was all manufactured by said defendants as such brewers."

That said town of Pontiac was incorporated under the general incorporation laws of Illinois, and continued to act thereunder until the passage of the law approved February 14, 1865, entitled "an act to extend the corporate powers of the town of Pontiac," since which time it has continued to act under the last named act.

That portion of section 17, article 7, upon which this suit is brought, reads as follows: "And no person shall be permitted to bring into the town, or keep about his, her or their premises, saloon, cellar, dwelling-house, out-house or in any other place in said town, or within three miles thereof, any of the above-named drinks, liquors or intoxicating beverages, for the purpose of trafficking therein in any way whatever." Private laws, 1865, vol. 2, p. 550.

The act (the charter) is entitled, "An act to extend the corporate powers of the town of Pontiac."

Mr. A. E. Harding, for the appellants.

Mr. L. E. Payson and Mr. E. M. Johnson, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

The charter of the town of Pontiac forbids beer to be brought within three miles of the town, "for the purpose of trafficking therein in any way whatever." The appellants were convicted of violating this provision, and were fined $25. Their counsel urge that this prohibition in the charter is unconstitutional, since it is broad enough in its language to forbid the manufacture of beer within the specified limits, or its being made an article of commerce by wholesale. When a record

comes before us presenting such a state of facts, we will consider this question. In this case the traffic in beer in which defendants were engaged, and upon which the conviction rests, was its sale by the glass, and so far as concerns such traffic the prohibition in the charter is a mere police regulation, and free from constitutional objection. Whether the prohibition can be made effective to its full extent is a question not arising upon this record and not decided.

It is further objected, that the title of the act which contains this prohibition does not indicate the subject of the enactment. The title is "An act to extend the corporate powers of the town of Pontiac." The act embraces the complete charter of a town, with all its necessarily manifold provisions.

The section in which the provision in question is found provides for what purposes the town council may grant licenses to sell liquors, after prohibiting the general traffic. This is a subject of regulation in all our municipal charters. Before the passage of this law the town of Pontiac was merely incorporated under the general law. The object of this law, as indicated by its title, was to extend the corporate powers of the town. These corporate powers were therefore the subject matter of the act, and though the act may restrict these powers in some respects, as well as extend them in others, it cannot be said this is a violation of the provision in the constitution which forbids a local or private law to embrace more than one subject, and requires that subject to be expressed in the title. As already said, the subject of this act is the corporate powers of the town of Pontiac, and that subject is expressed in the title.

*Judgment affirmed.*