THE TOWN OF MANCHESTER

*v.*

THE PEOPLE *ex rel.* Mary E. Grady.

*Opinion filed February 17, 1899.*

1. STATUTES—*construction of constitutional provision as to title of act.* Section 13 of article 4 of the constitution, providing that no act shall embrace more than one subject, which shall be expressed in its title, is complied with if the general terms employed in the title are comprehensive enough to reasonably include the several objects which the act assumes to effect.

2. SAME—*new act need not recite old act as it stood prior to amendment.* Section 13 of article 4 of the constitution, providing that no law shall be amended by reference to its title only, but the section amended shall be inserted at length in the new act, does not require the new act to recite the section as it stood prior to amendment; but merely requires its recital as amended.

3. CONSTITUTIONAL LAW—*act of 1897, concerning municipal taxes, is constitutional.* The act of 1897, (Laws of 1897, p. 93,) providing that

cities, towns and villages, whether incorporated under the general law or special charter, shall assess and collect their taxes in the manner and at the rate provided in section 8 of the City and Village act, is constitutional.

4. SAME—*mode of assessing taxes and rate of taxation are not distinct subjects of legislation.* The manner of assessing and collecting taxes, and the rate of taxation, are not such distinct subjects as require separate acts of the legislature, and both may be included in the general title "assessment and collection" of taxes.

5. MUNICIPAL CORPORATIONS—*act of 1897 empowers special charter towns to levy two per cent tax.* Under the act of 1897, (Laws of 1897, p. 93,) cities, towns or villages incorporated under special charters may levy a municipal tax of two per cent on the assessed valuation of taxable property for the preceding year, notwithstanding contrary limitations in such charters.

6. MANDAMUS—*mandamus lies to compel town council to levy a tax to pay judgment.* A judgment creditor of a town organized under special charter may, by *mandamus*, compel the town council to levy and collect a tax, not exceeding two per cent on the assessed valuation, sufficient to pay the current expenses of the town and the creditor's judgment.

APPEAL from the Circuit Court of Scott county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

On the 6th day of May, 1895, in the circuit court of Scott county, a judgment was entered in an action at law, in favor of the relator, Mary E. Grady, against the appellant town, in the sum of $750. The town of Manchester is a municipal corporation incorporated by a special charter adopted by the General Assembly in 1861. The special charter vested in the "town council" of the said town power to assess and collect a tax upon all taxable property within its limits of not exceeding one per centum per annum upon the value of such property as assessed for taxation for State and county purposes. The amount produced by such levy of one per centum was sufficient only to pay the appropriations made by the town council for the necessary current expenses of the municipality. The town council contended it did not possess power to levy more than the said one per centum, and refused to make a greater levy or to make an appropriation for the

payment of the said judgment. The appellee relator insisted the act of the General Assembly entitled "An act to amend an act in regard to the assessment and collection of municipal taxes," approved June 11, 1897, authorized the town council of the said town to levy, assess and collect taxes for corporate purposes at the rate of not exceeding two per centum upon the aggregate valuation of all property in the said town, and exhibited in the said circuit court of Scott county her petition for a peremptory writ of *mandamus* commanding the said appellant town to levy taxes at such rate, not exceeding two per centum upon all taxable property in the said town, as might be necessary to defray the current expenses of conducting the municipality, and in addition thereto to produce a fund to be applied to the payment and discharge of the judgment in her favor against the town. The court overruled a demurrer to the petition and the appellant town abided its demurrer. Judgment was entered awarding the writ as prayed in the petition, and appellant has prosecuted this appeal to obtain a reversal of such judgment.

MARK MEYERSTEIN, for appellant.

J. M. RIGGS, and JAMES CALLANS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Section 1, article 8, chapter 24, as amended by an act adopted for that purpose June 18, 1891, in force July 1, 1891, entitled "Cities," etc., (Laws of 1891, p. 83,) vests the city councils of cities and boards of trustees of villages with power to levy and collect taxes in an amount not exceeding the rate of two per centum upon the aggregate valuation of all taxable property within the municipality as the same was equalized for State and county taxes for the preceding year, and also directs the mode or manner in which such corporate authorities shall proceed in order to execute the power so granted to them. Said section 1 of article 8 of said chapter 24 (said chapter

being usually denominated the "general act for the incor-
poration of cities and villages") when the act was adopted
did not contain the provisions now found in it limiting
the rate of taxation and requiring the council or board
of trustees should adopt an ordinance specifying in de-
tail the purposes for which appropriations were made
and the amount appropriated for each purpose, and did
not mark out a course of procedure to be observed when
the corporate limits of the city, town or village were situ-
ated partly in two or more counties, but it was amended
by an act of the General Assembly May 28, 1879, in force
July 1, 1879, which limited the rate per centum to be levied
and required the adoption of a general appropriation or-
dinance, and was again amended by the act of the Gen-
eral Assembly approved June 18, 1891, which incorporated
in the section the provision with reference to cities and
towns which were situate partly in two or more counties.
The section as originally enacted and as re-enacted by the
amendatory acts referred to, had and has reference only
to cities and villages incorporated under the provisions
of the general act of which it is a part, and within itself
did not operate to increase or diminish the power to levy
and collect taxes, possessed by any municipality organ-
ized under and existing by virtue of a special charter, or
to regulate the manner in which such municipalities hav-
ing special charters should levy and collect municipal
taxes. The condition then was, cities and villages organ-
ized under the general Incorporation act were alike re-
stricted in point of power to levy and collect taxes and
were required to observe the same course of procedure
with reference thereto, while cities and villages organ-
ized under special charters had such limitations and re-
strictions as were to be found in their respective charters.
In order to secure uniformity in the mode of levying and
collecting such taxes in all cities and towns in the State,
whether acting under special charters or under the gen-
eral Incorporation act, the General Assembly, at the ses-

sion thereof in the year 1877, on the 23d day of May of that year adopted the following enactment, which became effective July 1, 1877, to-wit:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That all cities, villages and incorporated towns in this State, whether organized under the general law or special charters, shall assess and collect their taxes in the manner provided for in article eight (8) of the act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, and in the manner provided for in the general revenue laws of this State; and all acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

This enactment had no effect to authorize cities and villages acting under special charters to levy a greater rate of taxation than the respective charters thereof permitted, but only operated to secure uniformity in the mode or manner of levying and collecting taxes in all the cities and villages in the State, whether acting under the general Incorporation act or under special charters. After this last mentioned enactment cities and villages organized under the general Incorporation act had authority to levy taxes at the rate of two per centum upon the aggregate value of all taxable property within their limits, while the cities and towns acting under special charters had power to levy at such rate only as should be specified in their respective charters. It was deemed better the limitation as to the rate per centum of taxation should be uniform in all cities and villages in the State, and to accomplish this the General Assembly adopted the following act, which was approved June 11, 1897, and in force July 1, 1897, viz.:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That 'An act in regard to the assessment and collection of municipal taxes,' passed May 23, 1877, be and the same is hereby

178—19

amended so that hereafter it shall read as follows: All cities, villages and incorporated towns in this State, whether organized under the general law or special charters, shall assess and collect their taxes in the manner and shall have power to assess and collect them at the rate provided for in article eight (8) of the act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, and in the manner provided for in the general Revenue law of this State; and all acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

It was the view of the circuit court this act conferred upon the town council of the appellant town power and authority to levy taxes at a rate not exceeding two per centum of the aggregate value of the taxable property within the limits of the town. The correctness of this view is challenged by the appellant.

The power of the General Assembly to enact a law, general in its application, changing or amending existing special charters of cities or villages without consulting the wishes of the inhabitants to be affected does not seem to be questioned. We have held the authority of the General Assembly to so legislate in relation to these municipalities is in nowise restricted by any provision of the constitution. (*People ex rel.* v. *Cooper,* 83 Ill. 585; *McCormick* v. *People ex rel.* 139 id. 499.) The appellant, however, contends the act in question conflicts with certain of the provisions of section 13 of article 4 of the constitution of 1870 of this State, the grounds of such contention being stated by the appellant as follows: "First, because it embraces more than one subject; second, because the act embraces a subject not expressed in the title; third, because the act amended is not inserted at length in the act."

The title of the act of 1897 under consideration is as follows: "An act to amend an act in regard to the assessment and collection of municipal taxes, approved May

23, 1877." As we have seen, the act of 1877, which was
to be amended by the act of 1897, related to the mode,
only, of assessing and collecting municipal taxes, while
the act of 1897 provides not only for the mode of assess-
ing and collecting such taxes, but purports to empower
the municipal authorities to levy and collect a greater
rate per centum of taxes than such authorities possessed
prior to its adoption. The argument of appellant in sup-
port of the first and second of its objections as to the
constitutionality of the act is, the mode of levying and
assessing taxation and the rate per centum permitted to
be levied and assessed should be regarded as distinct
subjects of legislation, and as the act purports to leg-
islate upon both subjects under one title it contravenes
that provision of section 13 of article 4 of the constitu-
tion which provides "no act hereafter passed shall em-
brace more than one subject, and that shall be expressed
in the title." The constitutional provision in question is
not to be given a strict construction but is to be liberally
interpreted in aid of the action of the General Assembly,
and it has accordingly been held the subject of the act
may be expressed in general terms; (*Johnson* v. *People*, 83
Ill. 431;) that there may be included in an act any means
which are reasonably adapted to secure the objects indi-
cated by the title; (*Larned* v. *Tiernan*, 110 Ill. 173;) that
many things, though of a diverse nature, may be included
in an act, if the doing of them may fairly be regarded as
in furtherance of the general subject of the enactment;
(*Blake* v. *People*, 109 Ill. 504; *Mix* v. *Illinois Central Railroad
Co.* 116 id. 502; *People* v. *Hazelwood*, id. 319;) that any title
may be adopted which is sufficient to apprise the legis-
lators fairly of the general subject of the act, all of the
provisions being fairly related to that general subject;
(*Town of Abington* v. *Cabeen*, 106 Ill. 200;) and that the
general terms employed in the title of an act shall be
deemed sufficient if comprehensive enough to reasonably
include, as falling within that general subject and as

subordinate branches thereof, the several objects which the statute assumes to effect. (*People* v. *Blue Mountain Joe*, 129 Ill. 370, and cases there cited.) Under our system of raising revenue by levying taxes upon property according to the value thereof, a rate per centum upon such value is essential "to the assessment and collection of municipal taxes." The act in question related to but one subject,—*i. e.*, the production of municipal taxes. The provisions of the act relative to the mode or manner of assessing, levying and collecting such taxes, and as to the rate per centum which might lawfully be levied, were in furtherance of the general object and purpose of the act as expressed in the title, and are clearly germain thereto, and therefore the act is not obnoxious to the constitutional provision under consideration.

Nor is there any force in the other constitutional objection, that the act of 1897 contravenes the provision of section 13 of article 4 of the constitution, which provides that "no law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act." The act in question sets forth in full the section as amended. It is not necessary the section intended to be amended shall be incorporated or recited in the new enactment as it stood prior to the amendment proposed to be accomplished by the amendatory act. *People* v. *Wright*, 70 Ill. 388; *Timm* v. *Harrison*, 109 id. 593; *Chambers* v. *People*, 113 id. 509.

The act entitled "An act in regard to the assessment and collection of municipal taxes," in force July 1, 1877, did not purport to amend article 8 of the general act providing for the incorporation of cities and villages. Said article 8 had and has application only to cities and villages having corporate existence under the general Incorporation act, and the said act of 1877 had and has application only to cities and villages created by special charters. The act of 1877 was not designed to enlarge or restrict, in any respect, the operation or effect of the

said article 8, and said article 8 remained in full force and effect after the enactment of the act of 1877 as before that enactment. The act of 1877 but adopted, by reference, such parts of said article 8 as related to the assessment and collection of taxes in municipalities organized under the general Incorporation act, and ordained that cities and villages existing under special charters should, in assessing and collecting municipal revenues, pursue the same course as cities and villages organized under the general Incorporation act were required to pursue by the said article 8. When the act of 1877 was passed said article 8 contained no proviso of limitation as to the rate per centum which might be levied, but such limitation was incorporated in said article 8 by an act amendatory thereof, approved May 28, 1879, in force July 1, 1879. This amendatory act destroyed the uniformity in the matter of assessing and collecting taxes by cities and towns having their existence by virtue of the general Incorporation act and those existing by force of special charters, inasmuch as the restrictions and limitations as to the rate per centum of taxation to be levied and collected was not the same in the two classes of such municipalities. The act of 1897 amending that of 1877 was designed to remedy this undesirable condition, and to vest all cities and villages in the State with uniform and equal powers of taxation. The act of 1897, by the reference therein made to said article 8 of the general Incorporation act, adopted the provisions of said article 8 as it existed at the time of the enactment of the law of 1897. (*Culver* v. *People*, 161 Ill. 89; *City of Charleston* v. *Johnston*, 170 id. 336.) There is, therefore, no force in the further contention of the appellant that the act of 1897 amending that of 1877 referred to and adopted article 8 as it stood in 1877, and which had been repealed by the acts amendatory thereof, hereinbefore referred to.

The act of 1897 vested the town council of the appellant town with ample power to assess, levy and collect

taxes at not exceeding the rate of two per centum upon the aggregate valuation of all property within the limits of the town subject to taxation for State and county purposes, as alleged in the petition. It became the duty of the council of the appellant town to exercise the power in order the petitioner might obtain payment of her judgment against it.

The judgment awarding writ of *mandamus* as prayed is correct and is affirmed.                    *Judgment affirmed.*