(No. 13182.—Judgment affirmed.)

THE PUBLIC UTILITIES COMMISSION *ex rel.* The Dixon Water Company, Appellee, *vs.* THE CITY OF DIXON, Appellant.

*Opinion filed April 21, 1920.*

1. PUBLIC UTILITIES—*when city cannot raise question that order of commission takes property without due process of law.* Whether an order of the Public Utilities Commission authorizing a water company to install its own meters among its customers in a city if the customers are not willing to sell their private meters to the company at prices fixed in the order is unconstitutional as taking private property of consumers without due process of law, is a question which cannot be raised by the city, where it is not claimed the city owns or uses meters or represents any private consumer.

2. SAME—*the Public Utilities Commission may authorize water company to install meters and fix rate for consumption.* Under section 41 of the Public Utilities act the Public Utilities Commission has authority, after a hearing had upon its own motion or complaint, to order a water company in a city to install meters among its customers and to fix a uniform rate for consumption, thereby securing an equality among the consumers, so that water will not be wasted by those who were formerly charged a flat rate.

3. SAME—*commission may authorize separate charge for meter service.* An order of the Public Utilities Commission authorizing a water company in a city to install meters among its customers and fixing a rate for consumption may provide for a separate charge for meter service, which is justified by the cost, use, inspection, testing and other work connected with the meters.

APPEAL from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding.

ROBERT H. SCOTT, City Attorney, and MARK C. KELLER, for appellant.

HENRY S. DIXON, HENRY C. WARNER, SHERWOOD DIXON, and GEORGE C. DIXON, for appellee the Dixon Water Company.

EDWARD J. BRUNDAGE, Attorney General, WILLIAM E. TRAUTMANN, ALBERT D. RODENBERG, and MATTHEW MILLS, for the Public Utilities Commission.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Prior to September 14, 1917, the Dixon Water Company, a public utility supplying water to the city of Dixon and the inhabitants, supplied water to about 1835 private consumers. The supply to 704 was measured by meters and charged for at fixed rates, and 1131 were charged a flat rate regardless of the amount of water supplied. On that day the water company filed its petition with the Public Utilities Commission for authority to supply all private consumers with water by meter measurement and to purchase the meters owned by consumers who were then supplied by meter and who owned their own meters, and to establish, in addition to the existing rates for water consumption as measured by meters, a service charge equal to that established by the commission at Pekin, Illinois, on March 8, 1917. After a hearing the commission on April 1, 1918, made an order permitting the water company to sell water to all private consumers by meter measurement at the existing schedule rates for such measurement, and providing that the company should purchase the meters owned by consumers if the consumers would sell at a price fixed in the order, or, when a purchase could not be consummated, to substitute a meter owned by the company, and to charge three dollars per annum as a service charge for five-eighths-inch meters, by which 1800 consumers were supplied, and a higher rate for a few using larger meters. From that order the city of Dixon appealed to the circuit court of Sangamon county. The circuit court affirmed the decision and order of the commission, and the city of Dixon prosecuted a further appeal to this court.

The order of the commission provided that the water company should tender in payment for meters owned by consumers the original cost of the same less four per cent for every year that the meter had been in use, and in case

the consumer did not desire to dispose of his meter the company might substitute its own meter in place of it. It is assigned as error that the order authorizing the substitution of a meter for one owned by a consumer where the consumer refuses to sell his meter to the company at a price fixed by the commission, without a hearing by court or jury, was void because in violation of section 2 of the bill of rights, which provides that no person shall be deprived of life, liberty or property without due process of law. Whether the rights of a consumer are violated by being compelled to discontinue the use of a meter giving satisfactory service and accurately measuring the water used and to accept for his meter a price fixed by the commission violates a constitutional right is a question in which the city of Dixon is in no way concerned. No one can raise that question except some consumer whose rights are in some way affected. (*Neifing* v. *Town of Pontiac,* 56 Ill. 172; *People* v. *McBride,* 234 id. 146; *Sturges* v. *City of Chicago,* 237 id. 46.) There appears to be a charge for hydrant rentals not supplied through meters, and it is not claimed that the city of Dixon owns or uses any meter or that it is affected in any manner by the option to sell meters at fixed prices. The city does not represent any private consumer of water, and the assignment of error not being made by any person owning a meter cannot receive consideration.

It is, of course, clear that the charge for water according to the proposed plan is both fair and just by securing equality between consumers of water, so that water will not be needlessly used or wasted by flat rate consumers. Under the former system water needlessly used or wasted cost the flat rate consumer nothing, and in order to maintain the service a heavier burden was cast upon those who had meters. This is conceded, but the objection made is that the commission lacked any specific authority for making such a rule. Section 41 of the act for the regulation of

public utilities confers upon the commission authority, after a hearing had upon its own motion or complaint, to establish new rates or other charges, classifications, rules, regulations, contracts or practices or schedule or schedules for any public utility, and this broad and comprehensive power includes all particulars. It was not necessary to specify in detail the particular things which the commission might do in the exercise of the power.

It is further contended that the service charge of three dollars per annum was excessive, unreasonable and unlawful, because the establishment of the meter rate, by eliminating the needless use and waste of water, would result in a saving of 38½ per cent of the "pumpage," as set forth in a petition of the city for a rehearing, and as this would result in a saving of about $1600 a year for the company it would be unjust to make a service charge for the meters. The cost and use of the meters and inspection, testing and other work connected with the meter service, would justify a separate charge, which, it is true, would amount to about $5500 per annum. There was no petition or complaint by either party on account of the meter consumption rate or asking for any change in that respect, so that the question whether that rate was reasonable was not before the commission nor investigated or decided. An additional duty was cast upon the water company for which the separate charge was allowed, and if the meter rate was too high it would be the duty of the commission, on proper application, to reduce it to a reasonable rate. The commission not being asked to do that, the meter rate must be regarded as fair and reasonable.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*