THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAY HUFF *et al.* Plaintiffs in Error.

*Opinion filed February 25, 1911.*

1. CONSTITUTIONAL LAW—*section 13 of article 4, concerning titles of acts, should be liberally construed.* Section 13 of article 4 of the constitution, providing that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title," must be liberally construed in favor of the validity of enactments, and when the general purpose of an act is declared, the means by which to accomplish that purpose are presumed to be intended as necessary incidents.

2. SAME—*any means reasonably adapted to secure the object indicated in title may be included.* Section 13 of article 4 of the constitution, concerning titles of acts, is obeyed if by any fair intendment the provisions have a necessary or proper connection with the title, and in order to render a provision void as not embraced in the title it must be incongruous with the title or have no proper connection therewith.

3. SAME—*sections 10, 11, 12, 16 and 17 of the State Reformatory act are within its title.* The purpose of the State Reformatory act is to provide for the establishment of a permanent State institution, reformatory in character, for the confinement of minor offenders, and the provisions of sections 10, 11, 12, 16 and 17 of such act, declaring what class of offenders shall be confined in such reformatory, prescribing a method of determining that class and providing for their government, control and temporary or permanent discharge from the institution, are within the general purpose of the act as expressed in its title, and are valid.

4. SAME—*State Reformatory act not unconstitutional because it does not provide for allowance of good time.* The State Reformatory act is not unconstitutional because it does not provide for an allowance of good time to minor offenders imprisoned in the reformatory though such allowance is preserved to adult offenders imprisoned in the penitentiary, since the punishment of minor offenders is of such different character from that of adult offenders that there is reasonable ground for the distinction.

5. SAME—*State Reformatory act not invalid because it applies only to male offenders.* The State Reformatory act is not unconstitutional because it applies only to minor male offenders, as the difference between the sexes is a good basis upon which to rest a classification for the purpose of legislation; nor is the act invalid because it does not provide that the jury shall fix the time the offender shall be confined in the reformatory.

6. SAME—*party cannot complain of provision of statute which does not affect him.* Courts will not entertain an objection to the constitutionality of a statute which is urged by a party whose rights are not injuriously affected by such provision unless the holding of the provision invalid would render the whole act unconstitutional.

7. CRIMINAL LAW—*a sentence for maximum term is a definite sentence.* A sentence to the Illinois State Reformatory for the maximum term provided by law is a sentence for a definite term.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

LOUIS GREENBERG, and HENRY A. BERGER, for plaintiffs in error.

W. H. STEAD, Attorney General, EVERETT SMITH, State's Attorney, and CHAS. E. WOODWARD, for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

Ray Huff and Ray Barnes, the plaintiffs in error, were indicted in the circuit court of Logan county, at the January term, 1909, for the crime of robbery, and at the same term were tried, convicted and sentenced to the Illinois State Reformatory, and this writ of error has been sued out to reverse said judgment.

No bill of exceptions has been incorporated in the record, and the only question raised in this court is the constitutionality of the act entitled "An act to establish the Illinois State Reformatory, and making an appropriation therefor," approved June 18, 1891, in force July 1, 1891. (Hurd's Stat. 1909, p. 1813.) This court held the State Reformatory act constitutional in *People* v. *State Reformatory,* 148 Ill. 413, but some questions are raised upon this record which were not considered in that case.

The first contention of the plaintiffs in error is, that sections 10, 11, 12, 16 and 17 of the State Reformatory act are unconstitutional because, it is said, they are not included within the title of said act. Section 10 provides the jury shall find the age of all defendants convicted of crime, and in case the defendant is between ten and twenty-one years of age and has not theretofore been convicted of a penitentiary offense and the offense is not a capital offense, the jury shall not fix the punishment of the defendant; section 11, that any boy between the ages of ten and sixteen years who is convicted of a crime which, if committed by an adult, would be punishable by imprisonment in the county jail or penitentiary, shall be committed to the State reformatory, provided that if the crime is punishable by imprisonment in the county jail the court may commit such offender to the county jail; section 12, that offenders between the ages of sixteen and twenty-one, when convicted of crimes punishable by imprisonment in the penitentiary, who have not been previously convicted of a penitentiary offense, shall be committed to the State reformatory. Section 16 gives the board of managers power to establish rules and regulations under which prisoners in the State reformatory may be paroled and re-taken and re-imprisoned, and section 17 gives the board of managers power to re-take and re-imprison offenders who are at large upon parole.

The following general principles have heretofore been settled by this court when considering that portion of sec-

tion 13 of article 4 of the constitution of 1870 which reads, "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title:" The provision has been uniformly construed liberally in favor of the validity of enactments. (*Blake* v. *People*, 109 Ill. 504.) When a general purpose is declared, the means by which to accomplish that purpose are presumed to be intended as necessary incidents. (*People* v. *Hazelwood*, 116 Ill. 319.) Any means which are reasonably adapted to secure the object indicated in the title may be included in the act. (*Larned* v. *Tiernan*, 110 Ill. 173.) If by any fair intendment the provisions in the body of the act have a necessary or proper connection with the title it is not objectionable. (*Hudnall* v. *Ham*, 172 Ill. 76.) To render a provision in the body of an act void, as not embraced in the title, such provision must be incongruous with the title or must have no proper connection with or relation to the title. (*People* v. *McBride*, 234 Ill. 146.) If all the provisions of an act relate to one subject indicated in the title, and are parts of it or incident to it or reasonably connected with it or in some reasonable sense auxiliary to the object in view, then the provision of the constitution is obeyed. (*Ritchie* v. *People*, 155 Ill. 98; *Boehm* v. *Hertz*, 182 id. 154; *Christy* v. *Elliott*, 216 id. 31.) An act may contain many provisions and details for the accomplishment of a legislative purpose, and if they legitimately tend to effectuate that object the act is not contrary to the constitutional provision. *Town of Manchester* v. *People*, 178 Ill. 285; *Meul* v. *People*, 198 id. 258; *Christy* v. *Elliott, supra; People* v. *McBride, supra.*

From a consideration of the entire act, including its title, providing for the establishment of the Illinois reformatory, we think it is fair to conclude that the General Assembly sought by said act to provide for the establishment of an institution for the State, permanent in its nature, which should be reformatory in character and wherein

should be confined offenders under the age of twenty-one years. This being true, as we think must be conceded, it then became necessary to provide what class of offenders should be committed to the State reformatory and to provide a method whereby that class could be determined and for their government and control while in the State reformatory and for their temporary or permanent discharge from such institution, and an examination of the sections of the act heretofore pointed out will show that they all directly conduce to the accomplishment of one or more of those objects. We think, therefore, it may be said that sections 10, 11, 12, 16 and 17 of the State Reformatory act are within the title of that act, and that the act in the particular pointed out is not in conflict with the constitution.

It is next contended that the act is unconstitutional because it does not provide for the allowance of good time to minor offenders who are incarcerated in the State reformatory, while the general statute provides for an allowance of good time to adult offenders sentenced to the penitentiary. In the case of an adult offender sentenced to the penitentiary he may be sentenced to either solitary confinement or at hard labor, while a minor, instead of being sentenced to solitary confinement or at hard labor, is committed to the State reformatory, where he may receive an education and be admitted to parole and may be discharged long before the expiration of his sentence. The punishment of the minor offender is not, therefore, of the same kind or so serious in its character as that inflicted on the adult offender. While the sentence in both cases may be for the maximum term fixed by the statute, still the minor may be discharged long before the expiration of the time for which he is sentenced and long before an adult offender would be discharged who was convicted and sentenced for the same offense and at the same time. We think, therefore, that the situation is so different in the case of a minor sentenced to the State reformatory from what it is in case

of an adult offender sentenced to the penitentiary for the same offense, that the fact that the minor, under the sentence imposed upon him by virtue of the State Reformatory act, is not entitled to any allowance for good time does not render that feature of the State Reformatory act unconstitutional as amounting to discriminatory legislation, and that the State Reformatory act does not regulate the punishment of minor offenders by special statute when such punishment should be regulated by a general statute.

It is further contended that the State Reformatory act is unconstitutional because it only applies to male offenders. The difference between the sexes is a good basis upon which to rest a classification for the purpose of legislation. (*Ritchie & Co.* v. *Wayman,* 244 Ill. 509.) The fact, therefore, that the State Reformatory act only provides for the punishment of minor male offenders does not make the act unconstitutional. Neither is there any force in the contention that the act is void because it does not provide that the jury shall fix the time which the minor offender shall be confined in the State reformatory. *People* v. *State Reformatory, supra.*

It is also said the act contains an appropriation, and amounts to a delegation of legislative power to the board of managers in this: that they are authorized to fix the compensation of the superintendent and the several officers and employees of the reformatory. Those provisions in no way affect plaintiffs in error, and the courts will not entertain an objection to the constitutionality of a statute unless the objection is made by one whose rights have been in some way injuriously affected, (*Neifing* v. *Town of Pontiac,* 56 Ill. 172; *Bobel* v. *People,* 173 id. 19; *City of Chicago* v. *Wolf,* 221 id. 130; *People* v. *McBride, supra;*) unless the unconstitutional feature, if it exists, is of such a character as to render the entire act void, which would not be the case here. *Ritchie* v. *People, supra.*

It is also stated the court erred in this: that it did not sentence the plaintiffs in error for a definite term. The sentence was for the maximum term, which was for a definite term. *People* v. *State Reformatory, supra.*

Finding no reversible error in this record the judgment of the circuit court will be affirmed. *Judgment affirmed.*