(No. 12028.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, vs. REM-
MER DIEKMANN, Appellant.

*Opinion filed October 21, 1918.*

1. CONSTITUTIONAL LAW—*law may be general though it cannot operate everywhere in the State.* A law is general though it cannot operate everywhere in the State, provided it does operate in every place in the State where the circumstances and conditions provided for in the act exist.

2. SAME—*the act authorizing the establishment of State fish preserves is not a local law.* Section 25 of the Fish and Game law, as amended in 1915, (Laws of 1915, p. 455,) in so far as it authorizes the fish commission to set aside, at its discretion, such waters within the jurisdiction of the State as it may judge best as State fish preserves, etc., applies to all waters within the jurisdiction of the State which the commission finds should be used for the preservation and propagation of fish and is not invalid as a local law.

3. SAME—*court will decline to consider provision not affecting party complaining.* The Supreme Court will not consider the constitutionality of a statutory provision where the party complaining has not been affected thereby nor in any way aggrieved by its operation.

4. FISH AND GAME—*what is prima facie sufficient to show establishment of State fish preserve.* Proof that the State fish commission has posted the notices and published the same as required by section 25 of the Fish and Game law is *prima facie* sufficient to show the establishment of a State fish preserve.

APPEAL from the County Court of Tazewell county; the Hon. J. M. RAHN, Judge, presiding.

SCHOLES & PRATT, (A. M. OTMAN, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, E. E. BLACK, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The State's attorney of Tazewell county filed an information in the county court of said county under section 47 of an act entitled "An act for the conservation of game,

285 – 7

wild fowl, birds and fish in the State of Illinois, for the appointment of a commission and staff for the enforcement thereof, and to repeal certain acts relating thereto," approved June 23, 1913, in force July 1, 1913, against Remmer Diekmann, appellant, charging that Diekmann had in his possession an unlawful device, to-wit, a seine, and that he was unlawfully using said seine for catching fish in a duly established fish preserve in the waters of Illinois, as authorized by section 25 of said act as amended in 1915, (Laws of 1915, p. 455,) and praying the confiscation and sale of said seine. The defendant made a motion to quash the information on the ground that section 25 of said act is in violation of section 22 of article 4 of the constitution of the State of Illinois, in that said act vests in the game and fish commission of the State of Illinois power to set aside certain waters as a State fish preserve, and for the further reason that it vests said commission with arbitrary discretion, which may be exercised in the interest of a favored few, affording opportunity for unjust discrimination, and also that said commission, by its proceedings as such political body, did not properly organize and declare the waters in question to be a fish preserve. The court overruled the motion to quash, to which exception was preserved. The defendant filed his plea of not guilty, whereupon the cause was tried by the court without a jury. The defendant introduced no evidence on the hearing. At the close of the evidence introduced on behalf of the People the defendant moved the court to dismiss the cause of action, which motion was overruled by the court and exception preserved. Motions for new trial and in arrest of judgment were also overruled and exception preserved. The judgment of the court ordered that the seine be sold in the manner provided by law. As a question of the constitutionality of section 25 of said act is involved, the cause, on appeal, comes direct to this court.

No proposition of law was submitted by either party to the trial court on the hearing other than the foregoing motion to dismiss.

Section 25 of the Fish and Game law is as follows: "The commission shall have power and authority to set aside, at its discretion, such waters within the jurisdiction of this State as they may judge best as State fish preserves, in which it shall be unlawful to fish with any device except hooks and lines. The commission shall post such waters at the outlet, and at highway crossings of the same, by conspicuous notice, and shall publish such notice once in a newspaper published in each of the counties in which such waters are located. If there be no newspaper published in such county, then the publication shall be made in like manner and for a like period in a county nearest to such waters, wherein a newspaper is being published. Any person taking, catching or killing, or attempting to take, catch or kill, any fish with any device or by any method, except hooks and line in any waters, set apart under the provisions of this section, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be sentenced, for the first offense, to pay a fine of not less than fifty ($50) dollars, nor more than one hundred ($100) dollars, and for the second offense shall be fined not less than one hundred ($100) dollars nor more than two hundred ($200) dollars; and in either case shall stand committed to the county jail, there to remain until such fine and costs are fully paid: *Provided,* that the commission shall have the power to issue permits as they see fit, to take from such waters with seine or other device, such rough fish as they may designate: *Provided, further,* that it shall be unlawful to catch or take at any time with any device any fish within one hundred (100) feet from any dam across any stream. It shall be the duty of the commission to select suitable locations for State fish hatching and breeding establishments, take all measures within their means for the propagation and in-

crease of the native food fishes and also for the introduction of new varieties of food fishes into the waters of the State and upon the best terms possible to employ a practical and competent fish culturist who shall perform all such duties as the commission shall direct."

Appellant contends that said section, in giving power to the State game and fish commission to set apart certain waters as State fish preserves, is unconstitutional, in that it conflicts with that part of section 22 of article 4 of the constitution prohibiting the enactment of local or special laws "for the protection of game or fish," for the reason that said law is a local law. A "local" statute is a statute that relates only to a portion of the territory of the State, while "special" laws are those which grant some special right, privilege or immunity or impose some particular burden upon some portion of the people of the State less than all. (*People* v. *Wilcox,* 237 Ill. 421.) Whether laws are general or local or special does not depend upon the number of those within the scope of their operation. They are general, not because they operate upon every place or person in the State, for they do not, but because every place or person brought within the relations and circumstances provided for is affected by the law. It is not necessary in order to make a statute general that it should be equally applicable to all parts of the State. It is sufficient if it extends to all persons doing or omitting to do an act within the territorial limits of the State. (*People* v. *Hoffman,* 116 Ill. 587; *People* v. *Wright,* 70 id. 388; *People* v. *Cooper,* 83 id. 585.) A law may be general and yet operative in a single place or places where conditions necessary to its operation exist. It is not necessary that it be applicable to every place in the State. (*Trausch* v. *County of Cook,* 147 Ill. 534; *West Chicago Park Comrs.* v. *McMullen,* 134 id. 170.) The purpose of the act in question is, as shown in the title thereof, to conserve fish, game and wild fowl, and as such clearly lies within legislative province. (*People* v.

*Bridges,* 142 Ill. 30.)   This court has held that the title to
the fish and wild game is in the State, without reference to
the ownership of the land upon which they may be found.
(*Cummings* v. *People,* 211 Ill. 392; *People* v. *Bridges, su-
pra.*)   Section 25 of the act gives power to the commission
to set aside "such waters within the jurisdiction of this State
as they may judge best as State fish preserves."   This pro-
vision applies equally to any of the waters under the juris-
diction of the State which the fish and game commission
finds should be used for the preservation and propagation
of fish.   Such portions of the waters of the State may by
them be set aside as a State fish preserve, as provided in
said act.   Such cannot be said to be a local or special law.
The act is therefore not open to the objection urged.

It is also contended that the proviso to said section 25,
granting to the commission power to issue permits, as they
see fit, for the removal of such rough fish as they may des-
ignate, is unconstitutional, as being in violation of that part
of section 22 of article 4 of the constitution which prohibits
the enactment of local or special laws "granting to any cor-
poration, association or individuals any special or exclusive
privilege, immunity or franchise whatever."   There is noth-
ing in the record showing the appellant to have been ag-
grieved by said proviso, as he is charged in the information
with having in his possession, for the purpose of taking
fish in said fish preserve, a device illegal for such purpose.
There is no evidence that he sought a permit for removal
of rough fish or that the same was refused.   The prosecu-
tion against him was not under this proviso.   This court
will not discuss the constitutionality of a provision of an
act which does not affect the parties to the cause under
consideration or where the party urging the invalidity of
such provision is not in any way aggrieved by its operation.
*People* v. *Huff,* 249 Ill. 164.

It is also contended that the record does not show that
the State game and fish commission legally set aside and

designated the waters in question as a State fish preserve. The statute provides that "the commission shall post such waters at the outlet, and at highway crossings of the same, by conspicuous notice, and shall publish such notice once in a newspaper published in each of the counties in which such waters are located. If there be no newspaper published in such county, then the publication shall be made in like manner and for a like period in a county nearest to such waters, wherein a newspaper is being published." There is no provision in the statute specifying the character of record to be kept by the commission. The records of the commission, the notice, with the certificate of publication in a newspaper, and the fact of the notice having been posted at the outlet of the alleged preserve, are all admitted by stipulation. No objection is raised to their competency or authentication or to the fact that such notice is or is not conspicuous. The only objection is that, admitting the record and notice and the fact that such notice was posted and published as required by the statute, all of such acts are not sufficient to set aside a preserve. Appellant does not attempt to suggest the necessary steps whereby a preserve might be established nor suggest to this court the necessary steps omitted to be done by the commission. No proposition of law was submitted to the trial court on this proposition. The motion at the close of all the evidence to dismiss raises the proposition of law as to whether, on the whole record, there is sufficient evidence to support the judgment. We are of the opinion that there is sufficient competent evidence in this record to show the setting aside of a State fish preserve.

For the foregoing reasons the judgment of the county court is affirmed.

*Judgment affirmed.*