(No. 16037.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ARTHUR DAY et al. Plaintiffs in Error.

*Opinion filed October 28, 1924.*

1. APPEALS AND ERRORS—*when case will not be reviewed on constitutional grounds.* The Supreme Court will not entertain a case as involving a constitutional question where the objection to the constitutionality of a provision of the act does not injuriously affect the party complaining, unless the holding of such provision invalid would render the whole act unconstitutional.

2. CRIMINAL LAW—*when conviction of misdemeanor will not be reviewed on constitutional grounds.* The Supreme Court will not review a conviction of a misdemeanor on the ground that the statute under which the conviction was had violates section 13 of article 4 of the constitution, where the provisions complained of as being within the title of the act are not involved in the case and do not affect the rights of the defendants and where the entire act would not be invalidated by holding such provisions invalid.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

MICHAEL J. FITZGERALD, WILLIAM K. WHITFIELD, JESSE L. DECK, and W. T. COLEMAN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES F. EVANS, State's Attorney, VIRGIL L. BLANDING, and ASHTON E. CAMPBELL, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error were indicted and convicted of the crime of contributing to the delinquency of children as that offense is defined in an act entitled "An act to define and punish the crime of contributing to the delinquency of children. Approved June 25, 1915." (Smith's Stat. 1923, p. 669.) Section 1 of the act provides: "That for the purposes of this act a delinquent child is * * * any female who while under the age of eighteen years * * * with-

out just cause and without the consent of its parents, guardian or custodian absents itself from its home or place of abode." Section 2 of the act provides: "Any person who shall knowingly or willfully cause, aid or encourage any male under the age of seventeen years or any female under the age of eighteen years to be or to become a delinquent child as defined in section one (1), or who shall knowingly or willfully do acts which directly tend to render any such child so delinquent and who, when able to do so, shall willfully neglect to do that which will directly tend to prevent such state of delinquency shall be deemed guilty of the crime of contributing to the delinquency of children and on conviction thereof shall be punished by a fine of not more than two hundred (200) dollars, or by imprisonment in the county jail, house of correction or workhouse not more than one (1) year, or by both such fine and imprisonment." Section 3 of the act provides as follows: "The husband or wife of the defendant shall be a competent witness to testify in any case brought under the provisions of this act and to any and all matters relevant thereto."

The indictment consists of three counts. The first count charges that the plaintiffs in error knowingly, willfully and unlawfully caused the complaining witness, Lois Harris, a female child of the age of sixteen years, to become a delinquent child by persuading her to absent herself from home without just cause and without the consent of her parents. The second count charges them with encouraging Lois Harris to become a delinquent child by persuading her to absent herself from home without just cause and without her parents' consent. The third count charges that plaintiffs in error did certain acts, which acts then and there directly tended to render Lois Harris a delinquent child by encouraging her to absent herself from home without just cause and without the consent of her parents.

Plaintiffs in error seek to bring the cause here on the ground that a constitutional question is involved. The

grounds of the invalidity of the act urged here, and which the record shows were urged on motion to quash the indictment, are, that the act contains certain provisions not within the title, and therefore contravenes section 13 of article 4 of the constitution, providing that not more than one subject shall be included in the act and it shall be expressed in the title. The portion complained of as not being within the title of the act is that which declares one guilty of the crime of contributing to the delinquency of children, who, when able to do so, shall willfully neglect to do that which will directly tend to prevent such state of delinquency. It is also contended that section 3 is not within the title for the reason that it has to do with the matter of evidence and not the subject matter of the title.

As we have seen, the plaintiffs in error were charged with affirmative acts tending to contribute to the delinquency of Lois Harris,—*i. e.,* they were charged with encouraging her to absent herself from home without just cause and without her parents' consent. There is no charge that they neglected to do that which would directly tend to prevent a state of delinquency. The record also shows no application of section 3, as the matter of the testimony of a husband or a wife of the defendants was in nowise embraced in the case. The rule is that this court will not entertain a case as having a constitutional question involved where the provision of the act complained of does not injuriously affect the party complaining, unless to hold such provision invalid would render the whole act unconstitutional. (*People* v. *Diekmann,* 285 Ill. 97; *People* v. *Huff,* 249 id. 164.) It is not contended, and cannot be, that plaintiffs in error are aggrieved by the provisions complained of. It is evident from reading the statute that even though the parts of the act complained of were to be held invalid such would not invalidate the whole act or the balance of section 2. There is therefore no constitutional question involved in the case and this court cannot take jurisdiction on that ground.

As the punishment provided is a fine or imprisonment in the county jail, or both, the act is a misdemeanor, and no jurisdiction lies in this court to review such a case.

The cause will be transferred to the Appellate Court for the Third District.