## THE STATE OF ILLINOIS, Appellee, *vs.* GEORGE MILAUSKAS *et al.* Appellants.

*Opinion filed October 28, 1925.*

1. PROHIBITION—*Prohibition act does not violate constitutional provision for jury trial.* The injunction provisions of the Prohibition act do not violate the constitutional guaranty of right of trial by jury. (*State* v. *Zimmerman,* 317 Ill. 197, and *State* v. *Froelich,* 316 id. 77, followed.)

2. SAME—*when a party cannot raise constitutional question of due process of law.* Where an appearance is entered and demurrer filed to the bill the defendants cannot raise the question that the injunction provision of section 22 of the Prohibition act violates the constitutional provision for due process of law on the ground that the defendants are not allowed sufficient notice, as the question cannot affect the defendants in such case; and the Supreme Court will not entertain objections concerning the constitutionality of a provision of the statute which does not affect the party complaining.

3. SAME—*Prohibition act is not invalid in conferring equitable jurisdiction on county courts.* The Prohibition act does not violate section 18 of article 6 of the constitution in conferring equitable jurisdiction upon county courts. (*State* v. *Aiello,* 317 Ill. 159, followed.)

4. SAME—*the Prohibition act does not include subjects not expressed in title.* The Prohibition act does not violate section 13 of article 4 of the constitution by including in its provisions subjects not expressed in its title, but all the provisions for the proceedings for enforcing the act, including the proceeding for injunction, are properly a part of the subject matter, as the act is regulatory as well as prohibitive.

5. SAME—*Prohibition act is not amendatory.* The Prohibition act does not violate the constitutional provision against amending an act by reference, only, but the act is complete in itself and is not amendatory, nor does it purport to be amendatory, and the fact that the effect may be to give additional jurisdiction to the county court or add provisions to the Chancery act is of no consequence.

6. CONSTITUTIONAL LAW—*when act does not violate constitutional provision as to title and subject matter.* Where a general purpose is declared in the title to an act the means of accomplishing that purpose are presumed to be intended as a necessary incident, and the act may contain any number of provisions, no matter

how diverse they may be, provided they are reasonably adapted to the purpose indicated in the title or have a necessary or proper connection therewith.

7. SAME—*when act is not invalid as being amendatory.* Where an act is complete in itself and does not profess to be an amendment of any existing statute it does not contravene the constitutional provision against amending an act by reference, only, even though it modifies, amends or repeals the general law, as the constitutional provision applies only where the act professes to be amendatory, or is amendatory in its nature without being complete in itself, so that it must be read with existing statutes to be understood.

APPEAL from the County Court of Sangamon county; the Hon. ROGER E. CHAPIN, Judge, presiding.

SHERMAN, BAINUM & PREE, and L. E. STONE, for appellants.

EDMUND BURKE, Corporation Counsel, and W. EDGAR SAMPSON, City Attorney, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The corporation counsel and the city attorney of the city of Springfield filed in the county court of Sangamon county, under section 22 of the Prohibition act, a bill for injunction to abate a liquor nuisance. The bill was verified, and alleged that certain premises therein described were being used and had been used as a place where intoxicating liquors were sold, kept and bartered in violation of the statute, by George Milauskas and Anna Milauskas, and that Christian C. Wieland was the owner of said premises. The affidavits of three persons were attached to the bill, showing specific acts in violation of the law as in the bill alleged. A temporary injunction was issued as prayed in the bill and an order for a preliminary hearing entered. Summons was issued against all the appellants, who, however, entered their appearances and filed a general and special demurrer to the

bill, and later, by leave of court, withdrew the same and filed an amended demurrer, by which they attacked the Illinois Prohibition act as unconstitutional and void. The court overruled the demurrer and the appellants elected to abide the same, and a final decree was thereupon entered finding the allegations of the bill to be true, and a permanent injunction was decreed as prayed.

The only questions involved in this appeal are those concerning the constitutionality of the Illinois Prohibition act. The appellants have assigned numerous errors touching those questions.

It is first contended that the injunction provisions of the Prohibition act violate the constitutional guaranty of right of trial by a jury, secured by section 5 of article 2 of our constitution. This question is no longer an open one in this State but has been by this court decided adversely to the contention of the appellants in *State* v. *Zimmerman,* 317 Ill. 197, *State* v. *Froelich,* 316 id. 77, and *Stead* v. *Fortner,* 255 id. 468.

It is next contended that the injunction provisions violate section 2 of article 2 of the constitution of Illinois, concerning due process of law. The argument is that the injunction does not give to the parties defendant notice sufficient to meet the requirements of due process of law. This question is not open to the appellants, since they entered their appearance and demurred to the bill. No question of that character, therefore, affects them, and it has been repeatedly held by this court that it will not entertain objections concerning the constitutionality of a provision of the statute which does not affect the party objecting. *People* v. *Diekmann,* 285 Ill. 97; *People* v. *Huff,* 249 id. 164.

It is next contended that the act violates section 18 of article 6 of the constitution of Illinois, in that it confers equitable jurisdiction upon county courts. This question was decided contrary to the contention of the appellants in *State* v. *Aiello,* 317 Ill. 159, and is no longer an open one.

It is also contended that section 25 of the Prohibition act invades the powers of the judiciary, in that it prescribes the maximum and minimum penalty to be imposed upon one found guilty of contempt for violation of an injunction issued under the act. No question of that character appears in this case. There is nothing in the record concerning a violation of the injunction, and the appellants are not affected by section 25 of the Prohibition act. This contention will therefore not be considered. *People* v. *Diekmann, supra; People* v. *Huff, supra.*

It is further urged that the Prohibition act is unconstitutional in that its title contains no reference to the provision conferring equity jurisdiction on the county court, and it therefore violates that provision of section 13 of article 4 of our constitution which requires that the subject embraced in an act "shall be expressed in the title." The title of the act is: "An act to restrict the manufacture, sale, transportation, possession and use of intoxicating liquor, aiding thereby in establishing uniformity in State and Federal laws in regard thereto." In determining whether the provisions of an act violate this clause of section 13 of article 4 of the constitution the following rule is to be applied: Where a general purpose is declared in the title of an act, the means of accomplishing that purpose are presumed to be intended as necessary incidents, and any means reasonably adapted to the purpose indicated in the title may be included in the act. If by fair intendment the provisions in the body of the act have a necessary or proper connection with the title the act is not open to this constitutional objection. If the title is general any number of provisions may be contained in the act, no matter how diverse they may be, so long as they are not inconsistent with or foreign to the general subject matter and may be considered in furtherance of such subject. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 Ill. 327; *Public Service Co.* v. *Recktenwald,* 290 id. 314; *Keeran* v. *Traction Co.* 277 id. 413; *People* v. *Huff,*

*supra; People* v. *Bowman,* 247 Ill. 276; *American Badge Co.* v. *Improvement Ass'n,* 246 id. 589; *People* v. *McBride,* 234 id. 146.) The Prohibition act is a regulatory act as well as one imposing prohibition. Any means reasonably adapted to the purpose of restricting the manufacture, sale, etc., of intoxicating liquors may be included in the body of the act, and the fact that it provides proceedings in court to enforce its provisions does not render it void as contravening the clause of section 13 of article 4 of the constitution here invoked. There are many acts providing certain regulations which contain provisions for proceedings in court, but it has been uniformly held, as shown by the cases above cited, that such provisions are not open to this objection.

It is also contended by appellants that the provision of the Prohibition act conferring equity jurisdiction upon county courts is in violation of that clause of section 13 of article 4 of the constitution which directs that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act," and the argument is that the indirect effect of the Prohibition act is to amend and modify the force and effect of other earlier statutes of the State. In examining this question certain well settled rules must be borne in mind. Where an act is complete in itself and does not purport, either in its title or provisions, to amend or revive any other act it is not included within the provisions of this clause of section 13 of article 4 of the constitution though it may by implication modify or repeal prior existing statutes. If the act, though complete, purports to amend or revive a prior statute by reference to its title, only, and does not set out at length the statute amended and revived, it violates the constitutional provision referred to. So where an act incomplete in itself contains new provisions commingled with old ones, so that it is necessary to read two acts together in order to determine what the law

is, such act is an amendatory one and invalid under this provision of the constitution, whether it purports to amend or revive another statute or not. (*People* v. *Crossley*, 261 Ill. 78.) The Prohibition act does not purport to amend or revive a former act by reference to the title of such prior act, or by suggestion that its purpose is to accomplish an amendment or revival. On the other hand, the Prohibition act is complete within itself and contains no commingling of new provisions with old so that it becomes necessary to read the act with some other act in order to determine the state of the law, and the fact that the indirect effect of it is or may be to give additional jurisdiction to the county court or modify provisions of the Chancery act is of no consequence. Such effect is incidental and does not amount to a violation of the constitutional inhibition referred to. Any new law may, in a sense, be said to change the prior system of laws, and wherever there is a conflict between two acts, the rule is that the later act prevails, and if not amendatory in form it is not within the prohibition of the constitution. Were it to be held that whenever a new act is passed all prior acts indirectly modified or affected by it shall be re-enacted and published at length, such rule would require that at each session of the legislature a large part of the entire statute must be re-published, some parts many times. If an act is complete in itself without reference to the general act, it does not contravene this constitutional provision merely because it modifies, amends or repeals the general act by implication. It is only where the law professes to be amendatory, or is amendatory in its nature, that the constitutional provision applies. *People* v. *City of Chicago,* 310 Ill. 534; *People* v. *VanBever,* 248 id. 136; *Hollingsworth* v. *Coal Co.* 243 id. 98; *Timm* v. *Harrison,* 109 id. 593; *People* v. *Crossley, supra.*

It is finally objected that the proceedings are criminal in nature and the allegations must be proven beyond a reasonable doubt. It is a sufficient answer to say that in this

case the appellants demurred to the bill, and when their demurrer was overruled they abided the same. Their demurrer admitted the allegations of the bill. There was therefore no question as to the quantum of proof involved in the case, and that matter need not be considered here.

There is no error in the record, and the decree of the county court will be affirmed. *Decree affirmed.*