(No. 22508.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY MIKULA, Plaintiff in Error.

*Opinion filed October 19, 1934.*

THADDEUS C. TOUDOR, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Stanley Mikula and Joe Lukio were jointly indicted in the criminal court of Cook county for the robbery of Ella Hanson. Mikula waived a jury and was tried by the court. He was found guilty of robbery and sentenced to "the penitentiary of this State at Joliet." A writ of error was sued out to reverse the judgment.

It is claimed that the judgment is erroneous because it fails to designate the specific place of confinement in accordance with sections 1 and 2 of the Sentence and Parole act, (Cahill's Stat. 1933, chap. 38, pars. 795 *et seq.* p. 1089,) which provide that the sentence shall be to "the Illinois State Penitentiary." Section 1 of the act relates only to definite sentences for the crimes of treason, murder, rape and kidnaping. Obviously it has no application to this case. Sections 2 and 3 provide for indeterminate sentences (except to jail) for all crimes not enumerated in section 1. Section 2 provides that every such sentence "shall be a general sentence of imprisonment." Section 3 requires that persons·convicted of felony or other crime punishable by imprisonment in the penitentiary (other than minors of certain ages) shall "be sentenced to the penitentiary." Neither section requires the court to fix a specific place of confinement.

Section 1 of the act in relation to the Illinois State Penitentiary, approved June 30, 1933, (Cahill's Stat. 1933, par. 113, p. 2138,) provides: "The institutions heretofore known as the Illinois State Penitentiary, at Joliet, the Southern Illinois Penitentiary, at Chester, the Illinois State Reformatory, at Pontiac, and the Illinois Asylum for Insane Criminals, at Chester, are hereby consolidated into a single institution to be known as the Illinois State Penitentiary. The expression 'penitentiary system' hereafter used in this act shall be taken to mean the institution resulting from such consolidation." Section 3 of the same

act provides: "All commitments which under the law heretofore in force would have been made to the Illinois State Penitentiary, at Joliet, to the Southern Illinois Penitentiary, at Chester, or to the Illinois State Reformatory, at Pontiac, shall hereafter be made to the penitentiary generally, and the Department of Public Welfare shall have full power to assign the committed person to the division of the penitentiary system appropriated to his class." This statute not only makes no requirement that the judgment shall definitely name the particular penitentiary to which the convicted person shall be committed, but expressly provides that the sentence shall be to the penitentiary, generally. The Department of Public Welfare has the power to determine in which penitentiary he shall be confined.

It is urged that the judgment of conviction ought to be reversed because the Sentence and Parole act, under which plaintiff in error was sentenced, is unconstitutional. Three objections to the validity of the act are advanced. They are: (1) The Department of Public Welfare may parole a non-resident prisoner whose family, relatives or friends reside out of the State, to a person, firm or company in some State other than Illinois, whereas a prisoner whose residence is in this State may not be paroled to anyone outside of Illinois; (2) the provision of the act which permits the warden of the penitentiary to issue his warrant without any preliminary affidavit showing probable cause contravenes section 6 of the bill of rights, which declares that no warrant shall issue without probable cause, supported by affidavits; and (3) the act clothes the Department of Public Welfare with judicial power to determine when and at what time a convict should be paroled.

The third objection has been definitely disposed of by our decisions in *People v. Doras,* 290 Ill. 188, *People v. Connors,* 291 id. 614, *People v. Simmons,* 299 id. 201, *People v. Bernstein,* 304 id. 351, and *People v. Cohen,* 307 id. 87. A sentence under the act is for the maximum

term provided by law. The provisions for releasing a convict prior to the expiration of the maximum period were intended for his benefit as well as for the benefit of society. They do not affect his sentence, and the Department of Public Welfare in exercising its powers performs no judicial function.

It is within the province of the legislature to make reasonable classification of prisoners in order to effectuate the purposes of the act. If the theory of parole of convicts is wise and humane, many reasons would appear for releasing a convict to some member of his family or to some friend or acquaintance who might better supervise his conduct during the term of parole. Should the convict be a non-resident and the law would not permit him to be paroled outside of the State then those reasons would become impotent as to him. We see no deprivation of advantage to anyone because of the statutory distinction between resident and non-resident convicts.

Section 6 of the bill of rights has no application to arrests of violators of parole conditions. When one is paroled he is not set at liberty, as under a pardon. He is still technically in the custody of the State, subject to be returned to prison under his original conviction in case he violates the terms and conditions of his release. The warden's warrant does not authorize his arrest for any new crime. It simply directs his return to the proper authorities to determine whether or not his parole shall be revoked.

It does not appear whether plaintiff in error is a resident or non-resident of the State of Illinois or in what way he might be affected by the provisions of the act of which he complains. He was not eligible to parole when he prosecuted this writ of error. Thus far he has been aggrieved in no way, and even if his objections were sound he could not now avail himself of them. This court may decline the consideration of a constitutional provision where the party urging its invalidity is not in any way

affected by its operation. *People* v. *Diekmann*, 285 Ill. 97; *People* v. *Huff*, 249 id. 164.

The error of the trial court in entering the judgment against plaintiff in error is insufficient to cause a reversal. It is enough that the cause should be remanded with directions to the criminal court of Cook county to sentence him in conformity with the provisions of the statute, (*People* v. *Wood*, 318 Ill. 388; *People* v. *Welch*, 331 id. 20;) and it is therefore remanded with those directions.

*Cause remanded, with directions.*