(No. 27904.—

THE PEOPLE OF THE STATE OF ILLINIS, Defendant in Error, *vs.* MARSHALL CLARK, Plaintiff in Error.

*Opinion filed September 19, 1944.*

MARSHALL. CLARK, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM T. HENDERSON, State's Attorney, of Danville, (LOUIS J. BREMER, and H. J. HASCH, both of Danville, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The plaintiff in error pleaded guilty to an indictment returned to the circuit court of Vermilion county which charged him with the crime of burglary. On February 5, 1942, he was committed "to the Illinois State Penitentiary at Menard" for the indeterminate term fixed by statute for such crime. He has sued a writ of error out of this court limited to a review of the common-law record.

It is contended that the order of commitment is erroneous in that it directs that he serve the period of imprisonment in the Illinois State Penitentiary at Menard, rather than a commitment to the Illinois State Penitentiary generally. Prior to the enactment of an act in relation to the Illinois State Penitentiary, approved June 30, 1933, (Laws of 1933, p. 780,) the several State penal institutions were considered as separate prisons and orders of commitment specified the institution in which the sentence of imprisonment would be served. Said act consolidated all of said institutions into one system to be known as the Illinois State Penitentiary. The act provided that where the expression "penitentiary system" was used therein, it should be taken to mean the institution resulting from such con-

solidation. Section 3 of such act provided: "All commitments which under the law heretofore in force would have been made to the Illinois State Penitentiary, at Joliet, to the Southern Illinois Penitentiary, at Chester, or to the Illinois State Reformatory at Pontiac, shall hereafter be made to the penitentiary generally, and the Department of Public Welfare shall have the full power to assign the committed person to the division of the penitentiary system appropriated to his class."

Sections 2 and 3 of the Sentence and Parole Act (Ill. Rev. Stat. 1941, chap. 38, pars. 802, 803,) direct a general sentence to the penitentiary. In the case of *People* v. *Mikula,* 357 Ill. 481, it was said that the Department of Public Welfare (now Department of Public Safety) has the power to determine the penal institution in which persons convicted of crimes shall serve their respective sentences.

The order of commitment in this case directed that plaintiff in error should be committed to the Illinois State Penitentiary. In that respect it was within the power of the court, but when it undertook to direct the particular part of the Illinois penitentiary system where plaintiff in error should be confined, it went beyond its power. That was a matter which the legislature has placed within the jurisdiction of the Department of Public Safety. Since the court acted within its power in committing plaintiff in error to the Illinois State Penitentiary, that part entered without authority which directed he be confined in a prison at Menard, Illinois, will be disregarded. *People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581.

The final error urged is that plaintiff in error was sent to the penitentiary upon his plea of guilty without the court hearing evidence in mitigation or aggravation of the offense. It does not appear from the record presented that either party requested a hearing on such matter and, under such circumstances, it is deemed to have been waived. The iden-

tical question has been determined against the contentions made by plaintiff in error in several cases, some of which are *People* v. *Withey, ante,* p. 418, *People* v. *Childers,* 386 Ill. 312, *People* v. *Throop,* 359 Ill. 354.

There being no error in the record, the judgment of the circuit court of Vermilion county is affirmed.

*Judgment affirmed.*