(No. 28293.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WARREN WOCKNER, Plaintiff in Error.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

Warren Wockner, *pro se.*

George F. Barrett, Attorney General, and A. Fred Kendall, State's Attorney, of Watseka, for the People.

Mr. Justice Smith delivered the opinion of the court:

This is a writ of error to review a judgment entered by the circuit court of Iroquois county on March 21, 1929. Plaintiff in error appears *pro se.* On that date he entered a plea of guilty to an indictment charging him with the crime of burglary. At that time he was twenty-one years of age. He was sentenced on his plea to "The Penitentiary of this State, at Stateville, Illinois," for an indeterminate term of from one year to life. He has presented here only the common-law record, which is sufficient to raise the questions presented.

His first contention is that he should have been sentenced to "The Illinois State Penitentiary, at Joliet," and that his sentence to "The Penitentiary of this State, at Stateville, Illinois," is erroneous. It is argued that when he was sentenced in March, 1929, the only place to which he could be lawfully sentenced was the Illinois State Penitentiary at Joliet. He asks that the judgment be reversed and the cause remanded to the circuit court of Iroquois county with directions to enter a proper sentence, with a minimum and maximum term to be fixed by the court in accordance with the 1943 amendment to section 2 of the Parole Act. Ill. Rev. Stat. 1943, chap. 38, par. 802.

At the time plaintiff in error was sentenced, the Parole Act, as revised on June 25, 1917, was in force. (Smith-Hurd Rev. Stat. 1927, chap. 38, par. 801 *et seq.*) Section 2 of the act, as it then existed, provided that for all crimes, except those enumerated in section 1, for which a definite sentence was imposed, the sentence "shall be a general sentence of imprisonment, and the courts of this State imposing such sentence or commitment shall not fix the limit or duration of such imprisonment. The term of

such imprisonment or commitment shall be for not less than the minimum nor greater than the maximum term provided by law for the offense of which the person stands convicted or committed." Smith-Hurd Rev. Stat. 1927, chap. 38, par. 802.

The penitentiary at Stateville, constructed under the act approved June 5, 1907, (Laws of 1907, p. 45,) is a part of the Illinois State Penitentiary. (Smith-Hurd Rev. Stat. 1927, chap. 108, par. 43a.) The sentence, therefore, to "The Penitentiary of this State at Stateville, Illinois," was a sentence to the Illinois State Penitentiary. The location of the penitentiary to which plaintiff in error was sentenced, included in the sentence, was merely the designation of the branch of the Illinois State Penitentiary where the sentence should be served. The addition of those words neither added to nor rendered invalid the sentence imposed. It was a sentence, generally, of imprisonment. It was a sentence, generally, to the Illinois State Penitentiary, designating the Stateville branch of such penitentiary.

In the case of *People* v. *Mikula,* 357 Ill. 481, the sentence involved was imposed after the amendment of 1933 to the Parole Law, and also subsequent to the enactment of the act consolidating the various penitentiaries into a single institution. That case is not applicable here.

Plaintiff in error further contends that his sentence for a term of "Not less than one year and may extend to life," was erroneous. His argument is that he should have been sentenced for a term of "Not less than one year nor more than life." This is simply a play on words. It is a distinction without a difference.

The judgment of the circuit court of Iroquois county is affirmed.

*Judgment affirmed.*