(No. 28922.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR ANDERSON, Plaintiff in Error.

*Opinion filed November 21, 1945.*

ARTHUR ANDERSON, *pro se.*

GEORGE F. BARRETT, Attorney General, and FRANCIS C. KING, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

September 22, 1927, the defendant, Arthur Anderson, was indicted in the circuit court of Rock Island county for the crimes of burglary and larceny. The indictment consisted of four counts, two charging burglary, and the remaining two counts, larceny. September 23, 1927, defendant pleaded guilty. Judgment was accordingly entered finding him guilty, and sentencing him to "the Penitentiary of the State, at Joliet," for an indeterminate term of from one to twenty years. Appearing *pro se,* defendant prosecutes this writ of error. He has filed a common-law record, only.

The principal contention of defendant is that the judgment of the trial court was erroneous because he was sentenced to the penitentiary of the State, at Joliet. He insists that he should have been sentenced to the Illinois State Penitentiary, at Joliet, and that, consequently, the judgment is so erroneous as to require a remandment for resentence. An analogous contention was advanced in *People* v. *Wockner,* 389 Ill. 381, involving a sentence, in 1929, on a conviction of burglary, to "The Penitentiary of this State, at Stateville, Illinois," for an indeterminate term of from one year to life. We there held that *People* v. *Mikula,* 357 Ill. 481, relied upon by defendant, having involved a sentence imposed after the amendment of 1933 to the Parole Law, and also subsequent to the enactment of the statute consolidating the various penitentiaries into a single institution, (Laws of 1933, p. 780,) was not applicable. Similarly, *People* v. *Mikula* is inapplicable to the present facts for the reasons expressed in *People* v. *Wockner,* 389 Ill. 381. In the case last cited, we stated: "The penitentiary at Stateville, constructed under the act

approved June 5, 1907, (Laws of 1907, p. 45,) is a part of the Illinois State Penitentiary. (Smith-Hurd Rev. Stat. 1927, chap. 108, par. 43a.) The sentence, therefore, to 'The Penitentiary of this State at Stateville, Illinois,' was a sentence to the Illinois State Penitentiary. The location of the penitentiary to which plaintiff in error was sentenced, included in the sentence, was merely the designation of the branch of the Illinois State Penitentiary where the sentence should be served.. The addition of those words neither added to nor rendered invalid the sentence imposed. It was a sentence, generally, of imprisonment. It was a sentence, generally, to the Illinois State Penitentiary, designating the Stateville branch of such penitentiary." Our decision in the *Wockner case* is decisive of the issue here presented.

The further contention that error in the sentence requires a remandment of the cause for resentencing under the 1943 amendment to section 2 of the Sentence and Parole Act (Ill. Rev. Stat. 1943, chap. 38, par. 802) is, likewise, untenable. This amendment, authorizing courts sentencing a defendant for burglary and larceny to fix minimum and maximum limits of imprisonment, has been held not to disclose any legislative intent to reduce or in any way change the sentences of persons already convicted and sentenced, and that the section, as amended, does not purport to be retroactive, but is prospective in operation. (*People* v. *Panczko,* 390 Ill. 398.) Having been convicted and properly sentenced prior to its enactment, defendant is not entitled at this time to the benefit of the ameliorative provisions of the 1943 amendment.

The judgment of the circuit court of Rock Island county is affirmed. 				*Judgment affirmed.*