(No. 34524.—

THE PEOPLE *ex rel.* Ada M. Ryan, Defendant in Error, *vs.* BETTY SEMPEK *et al.,* Plaintiffs in Error.

*Opinion filed January 24, 1958.*

582

John A. Hyde, for plaintiffs in error.

Benjamin S. Adamowski, State's Attorney, of Chicago, (L. Louis Karton, and Robert W. Scherman, of counsel,) for defendant in error.

Mr. Justice Klingbiel delivered the opinion of the court:

On the relation of one Ada M. Ryan three petitions under the Family Court Act (Ill. Rev. Stat. 1955, chap. 23, par. 190 *et seq.*) were filed in the circuit court of Cook County, seeking to take the three children of Edward and Betty Sempek from their parents and place them under the guardianship of some suitable person to be appointed by the court. The mother appeared and moved to dismiss the petitions, on the ground that the statute is unconstitutional in numerous respects. An order was entered finding each child to be "dependent," and appointing a guardian. The mother appeals.

Each petition alleges that the named child does not have proper parental care; that the father resides at the Elgin State Hospital in Elgin, Illinois, and the mother resides at 449 Belden Avenue in Chicago; that the child is in the custody or control of or with a named individual, residing at an address different from that of the mother or father; and that the parents are unable to care for, protect, train, educate, control and discipline the child. Such allegations, which under the motion to dismiss must be taken as true, show that in the cases at bar the parents are unable to care for their children; and the question is whether, under

those circumstances, the relief granted deprives the mother of a constitutional right.

Section 1 of the statute undertakes to prescribe in minute detail what shall constitute "dependency." Among the grounds so specified is lack of proper parental care. Section 7 provides for the appointment of a guardian if the court finds (1) that the child is "dependent" and (2) that the parents are unable to care for it. Appellant does not deny the power to appoint a guardian where the child is not receiving parental care, but she argues at length about what is required to show a lack of proper care and about the absurdity of other grounds enumerated in the statute. We think such inquiries are foreclosed by her motion to dismiss, which admitted the ultimate fact and thus rendered unnecessary a showing by proof.

The rule is well settled that if the power to act in the particular case exists independently of the statute, the validity of the latter is a mere abstract question not necessary for determination of the issue presented. (*Illinois Central Railroad Co. v. Chicago and Great Western Railway Co.* 246 Ill. 620.) The jurisdiction of a court of chancery over the persons and property of infants had its foundation in the prerogative of the crown flowing from its general power and duty, as *parens patriae,* to protect those who have no other lawful protector. Whenever the parents are unable to properly care for their children the court of chancery has inherent power to deprive them of custody and appoint a suitable person to act as guardian. (*In re Petition of Ferrier,* 103 Ill. 367, 371-372.) The question how far the legislature may define proper care, or declare other circumstances to be sufficient to warrant the appointment of a guardian, is not presented in this case, for it is admitted that these children do not have proper care and that the parents are unable to provide it. The complaints of appellant about the scope of the statute in

this respect present mere abstract questions of law which do not affect her, and cannot be considered.

Appellant argues that the act permits extreme and cruel punishment to be inflicted upon children. The present order simply appoints a guardian. There is no punishment inflicted upon the children.

It is insisted that the act permits the court, through its probation officer, to initiate the proceedings; and that such is a function of the executive which cannot properly be conferred upon the judiciary. The present proceedings were not initiated by the court or its officer, but by a resident of the county on behalf of the child. The contention has no merit.

It is urged that "the law of *parens patriae* may be invoked only to enforce and execute the parent's duties when the parent has failed to fulfill them adequately." The allegations of the petitions, admitted by the motion to dismiss, show that in these cases the parents have failed to fulfill their duties.

Appellant argues that the power to investigate facts and supply evidence is an executive function which cannot be conferred upon the court or its probation officer. The constitutional question thus sought to be argued is not reached in this case, for the ultimate facts have been admitted by the motion to dismiss. No problems of proof remain in the cases, and questions as to the method or agency whereby the facts might otherwise be established cannot properly be considered here. See *State of Illinois* v. *Milauskas*, 318 Ill. 198.

Complaint is made that the act embraces more than one subject, in violation of section 13 of article IV of the Illinois constitution. In support of the contention it is pointed out that the title and body of the act deal both with the civil remedy of providing for the care of children and with the criminal offence of contributing to their de-

pendency or delinquency. It is argued that the matter of dependency is separate and distinct from that of delinquency. To render a provision in the body of a statute void because it is not embraced in its title, the provision must be one which is incongruous or which has no proper connection with the title of the act. (*People ex rel. Coutrakon* v. *Lohr,* 9 Ill.2d 539, 549.) Generally, it is for the legislature to determine how broad and comprehensive or how specific the title of an act shall be. (*Sangamon County Fair and Agricultural Association* v. *Stanard,* 9 Ill.2d 267.) The title of the Family Court Act reads as follows: "An Act relating to children who are now or may hereafter become dependent, neglected or delinquent, to define these terms, and to provide for the treatment, control, maintenance, adoption and guardianship of the persons of such children, and to give to the courts having jurisdiction of cases coming within this Act, jurisdiction to proceed with the prosecution and punishment of the persons contributing to the dependency, neglect or delinquency of children." It is apparent from a reading of the title of the act that the provisions relate to one subject and are parts of it, incident to it, reasonably connected with it, and in some reasonable sense auxiliary to the one object in view. (*People ex rel. Brenza* v. *Gebbie,* 5 Ill.2d 565.) Viewed in the light of the foregoing principles we think it clear that the title of the act embraces but one subject and there is no merit in the contention of respondent.

It is further urged that due process is denied because the act contains nothing to prevent authorities from taking custody of a child prior to the filing of a petition and the service of process. Here again, the record fails to disclose that such action was taken in this case. In any event it is a sufficient answer to observe that the act contains nothing purporting to *authorize* such a procedure. The validity of a statute is determined by its provisions, not by its silence.

Section 5, which provides that "summons shall be made returnable at any time within twenty days after the date thereof," is said to be invalid because it fails to afford sufficient notice to meet the requirements of due process, thereby violating section 9 of article II of the constitution of the State of Illinois which provides that every person accused of a crime shall have the opportunity to obtain counsel and prepare for trial. There is nothing in the record to show a request for and a denial of additional time. We feel that the foregoing contention has been fully answered by our opinion in *Petition of Ferrier,* 103 Ill. 367, where we said at page 373: "It is objected that there was not reasonable notice given. The statute provides merely that notice to the parents shall be given. There was here written notice served upon the mother, with a copy of the petition, on the day before the trial. The step-father appeared. We think there was notice in compliance with the statute. There was opportunity to be present, and to apply for further time if not ready for the investigation."

Objection is made that "a petition" under the act "fails to apprise respondents thereto of the charges made against them with a reasonable degree of particularity." The question is not presented on this record. There was no motion in the trial court that the present petitions be made more definite and certain. In the absence of such a request, the objection is deemed to have been waived.

Appellant also asserts that it is impossible to determine what rules of evidence, civil or criminal, shall apply; and that due process is violated if the court considers information supplied by the probation officer otherwise than by testimony in open court. As we have already pointed out, appellant's motion to dismiss admitted the allegations of the petitions, thus removing any question of evidence or proof from these cases. *State of Illinois v. Milauskas,* 318 Ill. 198.

The contentions of appellant concern provisions of the statute and interpretations thereof as abstract propositions; and no attempt is made to show whereby the present proceedings, under the authority of the statute, have deprived her of some right. It has long been established that this court will not discuss the constitutionality of a provision of an act where the party urging its invalidity is not in any way aggrieved by its operation. *State of Illinois* v. *Milauskas*, 318 Ill. 198; *People* v. *Diekmann*, 285 Ill. 97; *People* v. *Huff*, 249 Ill. 164; *People* v. *McBride*, 234 Ill. 146, 166; 11 Am. Jur. 748 *et seq.*, Constitutional Law, sec. 111 *et seq.*

No error has been shown in the record, and the orders of the circuit court are therefore affirmed.

*Orders affirmed.*