NOTICE

Decision filed 06/28/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220633-U

NO. 5-22-0633

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 20-CF-754 |
| | ) | |
| MATTHEW R. ANDERSON, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held:* Where a statutory amendment—shortening the applicable term of mandatory supervised release—became effective two months after defendant's sentencing, the circuit court properly dismissed his motion seeking to enforce the shorter term. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Matthew R. Anderson, appeals the circuit court's denial of his motion for a *nunc pro tunc* order, which sought to take advantage of Public Act 101-652 that took effect shortly after his sentencing hearing and reduced the term of mandatory supervised release (MSR) for most Class X felonies.

¶ 3    Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concluded there is no reasonably meritorious argument that the circuit court erred in denying relief. Accordingly, it filed a motion to withdraw as counsel along with a supporting

1

memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Defendant filed a responsive brief. After considering the record on appeal, OSAD's motion and supporting memorandum, and defendant's response, we agree this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                    BACKGROUND

¶ 5      On April 20, 2021, defendant pled guilty to aggravated robbery (720 ILCS 5/18-5 (West 2020)) in exchange for six years in prison and three years of mandatory supervised release (MSR). The court admonished him about the offense, the possible penalties, and the rights he would be relinquishing by pleading guilty.

¶ 6      The factual basis provided revealed that on June 16, 2020, police were conducting surveillance of a vehicle that was suspected to be involved in other robberies. Police followed the vehicle until it parked about a half mile from a Circle K in Macon County, Illinois. Decatur police officers then observed an individual exit the car, enter the business with a black mask over his face, approach the register, and exit the business carrying a large item underneath his shirt.

¶ 7      When the man wearing a black face mask entered a Circle K convenience store about 10:30 p.m., his hand was in his sweatshirt pocket. He approached the clerk, saying he had a gun. The man demanded the money out of the register and the safe. When the clerk took too long to remove the till from the register, the man went around the counter, removed the till from the register, and left the store.

¶ 8      The police stopped the vehicle and found $236.25. They found the cash till on the street near the vehicle. Police also found a black face mask in the car. After viewing surveillance video from Circle K, police identified defendant as the person who had entered the store.

2

¶ 9    After finding defendant's plea was voluntary, the court accepted the plea. It imposed the agreed sentence, which, under the statute in effect at that time, included a three-year MSR term. See 730 ILCS 5/5-8-1(d)(1) (West 2020).

¶ 10    On August 15, 2022, defendant filed a *pro se* motion for a *nunc pro tunc* order to "correct" the mittimus to comply with an amendment to section 5-8-1 that became effective July 1, 2021, and changed the MSR term for Class X felonies from 3 years to 18 months. The court denied the motion. The docket entry stated the amendment "went into effect July 1, 2021[,] and only applie[d] to individuals convicted on or after that date." Defendant appealed.

¶ 11                                   ANALYSIS

¶ 12    OSAD concludes the circuit court correctly denied defendant's motion because the statutory amendment, which took effect after defendant's sentencing, is inapplicable. We agree.

¶ 13    Public Act 101-652, which became effective on July 1, 2021, added subsection (d)(1.5) to section 5-8-1 of the Unified Code of Corrections (730 ILCS 5/5-8-1 *et seq*. (West 2020)). Pub. Act 101-652 (eff. July 1, 2021) (amending 730 ILCS 5/5-8-1). The new subsection reduced the MSR term for most Class X felonies from 3 years to 18 months, with some exceptions inapplicable here. 730 ILCS 5/5-8-1(d)(1.5) (West Supp. 2021).

¶ 14    A defendant is "entitled to be sentenced under either the law in effect at the time the offense was committed or that in effect at the time of sentencing." *People v. Hollins*, 51 Ill. 2d 68, 71 (1972). " '[Where] any punishment is mitigated by the provisions of a new law, defendant can consent to the application of the new provision if it became effective prior to his sentencing.' " *People v. Calhoun*, 377 Ill. App. 3d 662, 664 (2007) (quoting *People v. Land*, 178 Ill. App. 3d 251, 260 (1988)). Here, however, the new law became effective *after* defendant was sentenced.

3

¶ 15    Similarly, in *People v. Anderson*, 391 Ill. 606, 608 (1945), the defendant sought to avail himself of a more lenient sentencing provision effective after he was sentenced. The Illinois Supreme Court rejected this effort. *Id.* The court noted that statutes are presumed to apply prospectively only and the statute at issue evinced no contrary intent. *Id.* (citing *People v. Panczko*, 390 Ill. 398, 400 (1945)). The statute at issue here also evinces no legislative intent for retroactive application. Because defendant was sentenced before section 5-8-1(d)(1.5) took effect, it did not apply, and the court did not err in denying defendant's motion for a *nunc pro tunc* order.

¶ 16    We also note that a motion for a *nunc pro tunc* order was the improper vehicle to assert such claim. "*Nunc pro tunc* orders are used to correct clerical errors in written orders and thereby make final orders conform to the actual judgment of the court." *Phillips v. Gannotti*, 327 Ill. App. 3d 512, 517-18 (2002). Here, there was no clerical error. The court clearly intended to impose the three-year MSR term mandated by the statute in effect at that time. "A *nunc pro tunc* order cannot be used to alter the court's judgment." *In re Aaron R.*, 387 Ill. App. 3d 1130, 1140 (2009).

¶ 17                                CONCLUSION

¶ 18    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 19    Motion granted; judgment affirmed.